115 So.2d 903 (1959)
DELTA AIR LINES, INC.
v.
Richard E. BROWN, Jr., Administrator of Division of Employment Security, Department of Labor, State of Louisiana and Annie D. Bell.
No. 21404.
Court of Appeal of Louisiana, Orleans.
November 30, 1959.
*904 Deutsch, Kerrigan & Stiles, R. Emmett Kerrigan and Frank J. Peragine, New Orleans, for appellant.
L. D. Dunbar, Baton Rouge, for Richard E. Brown, Jr., Admr., Div. of Employment Security, appellee.
Earl J. Amedee, New Orleans, for Annie D. Bell, appellee.
Before JANVIER and McBRIDE, JJ., and JESS JOHNSON, J. pro tem.
McBRIDE, Judge.
This is an appeal taken by Delta Air Lines, Inc., under the Louisiana Employment Security Law (LSA-R.S. 23:1471 et seq.), from a judgment of the Civil District Court for the Parish of Orleans confirming and upholding the decision of the Board of Review which held that the claimant-employee, Annie D. Bell, was discharged from her employment without good cause connected with her work and awarded her unemployment compensation benefits as provided for by said statute.
Annie D. Bell, a commissary maid in the employ of appellant, was discharged on July 31, 1958, allegedly for the violation of a condition of her employment with reference to garnishments against employees' *905 salaries. She made application for unemployment compensation benefits to which a protest was lodged by Delta Air Lines, Inc., which sets forth that the violation of said condition of the employment constituted misconduct connected with her employment within the meaning of the provisions of LSA-R.S. 23:1601 and disqualified her from any benefits.
On September 10, 1958, the Division of Employment Security ruled that Annie D. Bell's violation of the company rule constituted misconduct connected with her work and held she was disqualified from unemployment insurance benefits. She appealed from the ruling to the Appeal Tribunal, the Appeal Referee of which handed down an opinion affirming the determination made by the Division of Employment Security which disqualified the employee from unemployment benefits on the ground that she was discharged for misconduct connected with her work. A certified copy of the Appeal Referee's decision was mailed to the employee on October 17, 1958.
Annie D. Bell then attempted to further appeal her claim to the Board of Review, but her letter of appeal was not mailed until November 18, 1958, and was not received by the Appeal Tribunal until November 19, 1958. But, be that as it may, on January 2, 1959, the Board of Review reversed the ruling of the Appeal Referee and ordered the removal of the disqualification of applicant for unemployment benefits.
The claim thus having been passed upon by all administrative departments within the Division of Employment Security, Delta Air Lines, Inc., then filed the present suit for a judicial review of the decision of the Board of Review naming Annie D. Bell and the Administrator, Division of Employment Security, as defendants, and after a hearing of the matter on the findings of fact made by the Board of Review, the trial judge rendered the judgment appealed from affirming the decision of the Board of Review. Feeling aggrieved thereby. Delta Air Lines, Inc., took the present appeal.
After the record was lodged in this court, the Administrator, Division of Employment Security, filed with us what he terms a plea or exception of prescription on the ground that the employee, Annie D. Bell, lost her right to unemployment compensation benefits because she did not timely file her appeal from the adverse decision of the Appeal Referee denying her benefits under the statute, a copy of which decision was mailed to her October 17, 1958.
The appeal by the employee came too late. LSA-R.S. 23:1630 provides that the Board of Review may on its own motion within ten days after the date of notification or of mailing of a decision of an Appeal Tribunal initiate a review of such decision or allow an appeal to be filed by any party entitled to notice of such decision. The Board of Review did not initiate the review of the Appeal Tribunal's decision, but the review was based on the appeal filed by Annie D. Bell which, as we have stated came long after the ten-day period within which such appeal should have been taken.
The section of the statute under which Annie D. Bell attempted to appeal from the decision granted her the right of appeal within ten days after date of notification of the opinion of the Appeal Tribunal, and, under the circumstances, unless said employee exercised her right to the appeal within said period, she had no standing whatever before the Board of Review as the right of appeal was irretrievably lost. The ten days stipulated for in the statute is not a term of prescription but rather one of peremption.
In Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899, 901, the Supreme Court said:
"When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription *906 simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Taylor v. Cranberry Iron & Coal Co., 94 N.C. 525; Cooper v. Lyons, 9 Lea, (Tenn.) 596."
In Brister v. Wray Dickinson Co., Inc., 183 La. 562, 164 So. 415, 416, a case involving the workmen's compensation law, the Court, after citing Guillory v. Avoyelles Railway Co., supra, and Ashbey v. Ashbey, 41 La.Ann. 102, 5 So. 539, said:
"It therefore follows that, when a period of more than 15 months elapsed in which no payments were made, and no agreement was entered into, the right of plaintiff to recover under the Compensation Law was, in the words of the statute, `forever barred'; the cause of action no longer existed; it was lost. The statute clearly is one of peremption."
See, also, Heard v. Receivers of Parker Gravel Co., Inc., La.App., 194 So. 142, 144, wherein the Court of Appeal, Second Circuit, said:
"The delay fixed and referred to in the quoted provision is properly speaking one of peremption and not one of prescription. Guillory v. Avoyelles Railway Company, 104 La. 11, 28 So. 899."
The action of the Board of Review in reversing the opinion of the Appeal Tribunal was absolutely null and void and without any legal effect because of the failure of Annie D. Bell to take her appeal within the ten-day period provided for in the statute, and the ruling of the Board of Review must be stricken down. The Board of Review should have noticed that Annie D. Bell had lost her right of appeal, and its failure to do so cannot militate against the employer.
Whether the Administrator, Division of Employment Security, who is but a nominal party to these proceedings, would have such interest in the matter as would grant him the right to file his exception is of no moment because the nullity of the ruling of the Board of Review is one that this court is bound to notice ex officio, as the appeal of Delta Air Lines, Inc., brings up to us for judicial review all proceedings before the various bodies within the Division of Employment Security. It is not necessary that any exception be pleaded at all, for if it be shown by the record that Annie D. Bell is without right to the benefits provided by the statute for any reason, the court cannot approve any ruling or judgment in her favor.
Therefore, the judgment of the district court appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment herein in favor of Delta Air Lines, Inc., and against Annie D. Bell and Richard E. Brown, Jr., Administrator, Division of Employment Security, State of Louisiana, annulling, avoiding and setting aside the ruling of the Board of Review and reinstating and making final the ruling of the Appeal Tribunal, Division of Employment Security.
Delta Air Lines, Inc., is to pay all costs of both courts.
Reversed.
REGAN, J., absent.