SAVOY, Judge.
This is an appeal from a judgment of the district court dismissing a petition for judicial review of a final decision by the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, denying unemployment compensation benefits to the petitioner.
Plaintiff was formerly employed by J-M Poultry Packing Company, Inc. He worked for said packing company until June 19, 1959. At a later date he applied for unemployment compensation benefits. The hearing was had at the Alexandria office of the Louisiana Division of Employment Security on September 10, 1959. At a hearing held before the Appeals Referee on October 21, 1959, the Referee found that the plaintiff had voluntarily left his job and disqualified claimant from receiving any unemployment benefits under the act. This decision was mailed to plaintiff on the 2nd of November, 1959, and the plaintiff appealed to the Board of Review the following day. The Board of Review upheld the findings of the Appeals Referee, and a decision was mailed to plaintiff on December 11, 1959.
Plaintiff filed suit in the district court for a judicial review of his disqualification on December 22,1959. He named as defendant the Administrator of the Division of Employment Security. His former employer, J-M Poultry Packing Company, Inc., intervened in the suit and filed a plea of per-emption. The Administrator of the Division of Employment Security filed an answer together with a plea of peremption.
*350 Under the ■ provisions of LSA-R.S. 23:1630 and 23:1634, a petition for judicial review must be filed within ten days after the mailing of notice to party’s last known address. The pertinent provisions of LSA-R.S. 23:1630 and 23:1634 provide the following :
“ * * * The board of review shall promptly notify the parties of its decision, including its findings and conclusions in support thereof, and such decision shall be final unless within ten days after the mailing of notice thereof to the party’s last known address, or in the absence of such mailing, within ten days after the delivery of such notice, a proceeding for judicial review is initiated pursuant to R.S. 23:1634. * * *
******
“Within the time specified in R.S. 23 :1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. * * * ”
The trial judge found that since the decision of the Board of Review was mailed to claimant on December 11,1959, and his petition for judicial review was not filed until December 22, 1959, the peremption urged by defendant and intervenor was good and dismissed the suit at plaintiff’s costs.
Attorney for plaintiff contends in his brief that plaintiff did not receive the notice until December 16, 1959, and consequently, the suit was filed within the ten day period prescribed by law.
There is no showing in the record that the notice was not mailed on December 11, 1959.
The Court concludes that the decision of the Board of Review was properly mailed on December 11, 1959, and since the suit by plaintiff was not filed until December 22, 1959, that the plea of peremption filed by defendant and intervenor is valid and should be maintained.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.