125 So.2d 261 (1960)
Lester SWEET, Plaintiff and Appellant,
v.
Richard E. BROWN, Administrator, Division of Employment Security, Department of Labor, State of Louisiana, Defendant and Appellee.
No. 150.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
*262 Thomas A. Self, Many, for plaintiff-appellant.
Lewis D. Dunbar, Baton Rouge, for defendant-appellee.
Before FRUGE, CULPEPPER, and TATE, JJ.
CULPEPPER, Judge.
This is an appeal by Lester Sweet, claimant for unemployment compensation benefits, from a decision of the Eleventh Judicial District Court sustaining a plea of peremption filed by the administrator of the Division of Employment Security.
The claimant, Lester Sweet, was discharged by his employer, Many Lumber Co., Inc., for being absent from work due to his incarceration in jail on a charge which had no connection with his work. On being discharged by his employer, Sweet filed a claim for unemployment compensation benefits with the office of the Division of Employment Security in Natchitoches, Louisiana. The local office in Natchitoches determined that claimant's failure to report for work constituted misconduct connected with his employment and, therefore, disqualified him from the receipt of benefits.
Notice of this determination was mailed to claimant on October 1, 1959, and there is no contention that plaintiff did not receive this notice. Under the provisions of LSA-R.S. 23:1629, the claimant has a right, on receipt of such notice of determination, to file an appeal with an appeal tribunal (in this case an appeal referee) within seven (7) days after the date notification was given or was mailed to claimant's last known address. Pursuant to this statutory provision, the notice of claim determination advised claimant of his appeal rights in the following language, which appears on the face of the notice:
"Appeal Rights: If you do not agree with this determination, contact the local office shown below, in person, or by mail by 10-8-59. Personnel of the local office will assist you in preparing your appeal. If your appeal is not filed on or before the date mentioned above, you will lose your appeal rights."
The record in this case contains a letter dated October 6, 1959, at Many, Louisiana, bearing the salutation, "Dear Company", and signed by Lester Sweet, asking for security benefits. This letter is stamped as having been received on October 9, 1959, by the Louisiana Division of Employment Security. Through administrative handling this letter reached the local office in Natchitoches on October 13, 1959, following which plaintiff appeared at said local office on October 14, 1959, and signed a formal application for appeal. The interviewer, who filled out the application for appeal, dated it "10-14-59 eff. 10-6-59", and called attention to the letter written by the claimant on October 6, 1959, and sent to the administrator's office.
Both the Appeals Referee and the Louisiana Board of Review considered the claimant's appeal on the merits and affirmed the local office determination that claimant should be disqualified. Claimant then prosecuted a further appeal to the Eleventh Judicial District Court, where his petition was met with an exception of peremption filed by the administrator of the Division of Employment Security. The exception was aimed at claimant's failure to take a timely appeal from the initial determination of the local office of the Division of Employment Security. After considering the matter on briefs, the District Court sustained the plea of peremption and dismissed claimant's suit. It is from this ruling that claimant has appealed to this court.
Claimant's first argument is that the proof in the record is insufficient that the original notice of agency determination was mailed to Lester Sweet on October 1, 1959. Claimant argues that this date should be established by postmarks or registered receipts instead of by the notation made on the notice by office personnel as to the date of mailing. This argument *263 is without merit because public officials are presumed to perform correctly the duties required of them, and, furthermore, because the record is entirely void of any evidence to show that the notice was not mailed on October 1, 1959.
Claimant's next argument is that the interviewer in the local office who prepared the formal application for appeal on October 14, 1959, indicated that it was to be effective October 6, 1959 (the date of Lester Sweet's letter addressed "Dear Company") and that this act by an agent of the administrator defeats the plea of peremption. This precise issue was before the court in Delta Air Lines, Inc., v. Brown, La.App.Orleans, 1959, 115 So.2d 903, 905, in which the Board of Review did not notice that claimant had failed to appeal to it within ten (10) days as required by LSA-R.S. 23:1630 and went ahead and considered claimant's case on the merits and found her qualified for benefits. The employer then filed suit for judicial review by the District Court which sustained the Board of Review. The employer then appealed to the Orleans Court of Appeal, where for the first time the administrator filed a plea of peremption. The Court of Appeal, held, as follows:
"The section of the statute under which Annie D. Bell attempted to appeal from the decision granted her the right of appeal within ten days after date of notification of the opinion of the Appeal Tribunal, and, under the circumstances, unless said employee exercised her right to the appeal within said period, she had no standing whatever before the Board of Review as the right of appeal was irretrievably lost. The ten days stipulated for in the statute is not a term of prescription but rather one of peremption.
"In Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899, the Supreme Court said:
"`When a statute creates a right of action, and stipulated the delay within which that right is to be executed, the delay thus fixed is not properly speaking one of prescription, but it is one of peremption.
"`Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Taylor v. Cranberry Iron & Coal Co., 94 N.C. 525; Cooper v. Lyons, 9 Lea (Tenn.) 596.'
"The action of the Board of Review in reversing the opinion of the Appeal Tribunal was absolutely null and void and without any legal effect because of the failure of Annie D. Bell to take her appeal within the ten day period provided for in the statute, and the ruling of the Board of Review must be stricken down. The Board of Review should have noticed that Annie D. Bell had lost her right of appeal, and its failure to do so cannot militate against the employer."
In the instant case the notice of claim determination was mailed on October 1, 1959. Under the provisions of LSA-R.S. 23:1629, the seven (7) days' delay within which claimant had a right to file an appeal ended on Thursday, October 8, 1959. Even if we consider Lester Sweet's letter of October 6, 1959, which was mailed to the wrong office, it was not received by anyone connected with the Division of Employment Security until Friday, October 9, 1959.
For the reasons hereinabove set forth, it is our opinion that the Judge of the lower court properly sustained the plea of peremption and his judgment is, therefore, affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.