REID, Judge.
On October 13, 1960 Lester Bryant filed a claim for unemployment compensation benefits with the Division of Employment Security. On October 28, 1960 the Louisiana Division of Employment Security (hereinafter referred to as “Administrator”) concluded Bryant (hereinafter referred to as “Claimant”) was disqualified from receiving compensation having been discharged from his employment with Dameron-Pierson Company, Ltd. (hereinafter referred to as “Employer”) due to misconduct connected with his work resulting in damage to the employer’s property. The decision was worded as follows:
“You were fired for drinking on the job and because you were involved in an automobile wreck while operating a Company vehicle. This is misconduct connected with your work.”
This determination was sustained by the appeals referee on December 2, 1960 and became final when the delays for appeal therein expired ten days later.
On March 16, 1961 claimant renewed his claim for unemployment compensation, producing evidence he had earned sufficient wages to legally .remove the disqualification of October 28, 1960. Administrator found from this evidence claimant was entitled to the receipt of benefits, and accordingly notified the employer of the removal of the disqualification. Dameron-Pierson duly appealed this determination to the appeals referee and subsequently to the Louisiana Board of Review. Both bodies affirmed the second determination allowing benefits. Dameron-Pierson then filed this proceeding in the Nineteenth Judicial District Court seeking a review of the administrative rulings.
The District Court rendered judgment on December 20, 1961 annulling and setting aside the decision of the Louisiana Board of Review mailed June 8, 1961 and decreed all wage credits of claimant for unemployment compensation benefits earned with the plaintiff Dameron-Pierson Co., Inc., during the base-period of his claim filed on October 13, 1960 be cancelled and removed from consideration in connection with his claim and in addition the Court cancelled from the records of Dameron-Pierson Co., Ltd., all benefits received by Lester Bryant under his claim filed on October 13, 1960.
From this judgment the Administrator of the Division of Employment Security and Lester Bryant have appealed.
The basis of the Employer’s appeal was the Administrator’s failure to cancel the wage credits earned with it during the base period as provided in LSA-R.S. 23 1601(2).
LSA-R.S. 23:1601(2) provides:
“An individual shall be disqualified for benefits: * * *
“(2) If the administrator finds that he has been discharged for misconduct connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances. In addition, if the administrator finds that such misconduct has impaired the rights, damaged or misappropriated the property of or has damaged the reputation of a base period employer, then the wage credits earned by the individual with the employer shall be canceled and no benefits shall be paid on the basis of wages paid to the individual by such employer. As amended Acts ' 1954, No. 704, § 1.”
The question before this Court is whether the administrator’s decision of December 2, 1960 notified the employer the wage credits of the claimant were to be cancelled and if so, whether the decision *390 became final at the expiration of the delay for appeal from that decision.
It is the contention of the employer that since the December 2, 1960 decision was silent with respect to wage credit cancellation and in view of the word “shall” in LSA-R.S. 23:1601(2) the decision meant that the wage credits would be erased according to the statutory mandate. The employer also contends it appealed timely from the determination of eligibility dated March 24, 1961 and that this was the proper time to object to the administrator’s failure to cancel the claimant’s wage credits.
From a reading of LSA-R.S. 23:1601(2) in light of LSA-R.S. 1:3 pertaining to interpretation of statutes it appears it was the administrator’s duty to cancel the wage credits earned with the employer, as the word “shall”, as used in the statute, is mandatory rather than permissive. The employer had the right to .rely on the presumption that the administrator would perform his duty as required under the statute. State ex rel. Richardson v. Board of Trustees, Teacher’s Retirement System et al., La.App., 29 So.2d 489. As soon as the employer was notified that the administrator had not cancelled the wage credits, i.e., in the notice to the employer of the removal of the disqualification, the employer filed a timely appeal.
We express no opinion as to a situation wherein the initial disqualification notice expressly informs the employer that wage credits will not be cancelled. In view of the fact the statute .requiring the cancellation of the wage credits in situations such as this is mandatory and in light of our holding that the notice by the administrator to the employer did not inform the employer the wage credits would not be cancelled, we feel that the opposition filed by the employer to the administrator’s latest determination was timely. This is especially evident in view of the following quotation from 67 C.J.S. Officers § 114, pp. 402^-03:
“ * * * When the statute requires the performance of an official duty, the right to have that duty performed continues as long as the official fails and refuses to perform such duty, and an individual should not be made to suffer by reason of the dereliction of an officer.”
“Public officers must perform the duties prescribed by law in a legal and proper manner, and they are not excused from compliance by statutory omission or inconsistencies that may render vague exactly how o.r when the act shall be done.”
The appellant relies on three cases, namely, Delta Air Lines, Inc. v. Brown, La.App., 115 So.2d 903; Jones v. Brown, La.App., 124 So.2d 349; Sweet v. Brown, La.App., 125 So.2d 261. We do not consider these cases in point. In the Delta Air Lines case, supra, Annie D. Bell, employee of plaintiff, attempted to appeal her claim to the Board of Review but her letter of appeal was not mailed until November 18th, 1958 and not received by the Appeal Tribunal until November 19th, 1958. The appeal referee’s decision was mailed on October 17th, 1958. However, on January 2, 1959 the Board of Review reversed the rule of the appeal .referee and ordered the removal of the disqualification of applicant for unemployment benefits. From this decision Delta Air Lines, Inc. filed suit for judicial review and the Trial Court rendered a judgment affirming the decision of the Board of Review. The Appellate Court, however, rendered a decision reversing the decision of the Lower Court and rendered judgment in favor of plaintiff and against employee and administrator annulling the rule of the Board of Review and reinstating and making final the rule of the Appeal Tribunal.
In the case of Jones v. Brown, supra, the appeals referee rendered a decision on October 21, 1959 that the plaintiff had voluntarily left his position, disqualifying him from receiving unemployment benefits under the act. This decision was mailed to plaintiff on November 2, 1959 and plaintiff appealed to Board of Review the fol *391 lowing day. The Board of Review upheld the finding of the appeal referee and the decision was mailed to plaintiff on December 11, 1959. Plaintiff then filed suit in District Court for judicial review of his disqualification on December 22, 1959. The administrator filed an answer with a plea of peremption. The Trial Court held that since the decision of the Board of Review was mailed to claimant on December 11, 1959 and his petition for judicial review was not filed until December 22, 1959 the per-emption urged by the defendant was good and dismissed the suit at plaintiff’s cost. On appeal the Court of Appeal, Third Circuit affirmed the decision of the District Court.
In Sweet v. Brown, supra, the employee Sweet filed claim for unemployment compensation and the local office in Natchi-toches determined claimant’s failure to report for work constituted misconduct connected with his employment and disqualified him for the receipt of benefits. Notice of this determination was mailed to claimant on October 1st, 1959. Claimant had the right upon .receipt of said notice to file an appeal within seven (7) days after the date of notification was given, or mailed to claimant’s last address. He mailed a letter to his employer on October 6, 1959 which was received on October 9, 1959 by Louisiana Division of Employment Security. The letter was forwarded to the local office at Natchitoches and received on October 13, 1959 and on October 14, 1959 the plaintiff appeared at said office and signed formal application for appeal. The matter went through various administrative channels to the District Court where the petition was met with an exception of peremption based on claimant’s failure to take timely appeal from the determination of the local office. The District Court sustained this plea of peremption and dismissed plaintiff’s suit. The Court of Appeal, Third Circuit affirmed this decision.
Each of the cases is distinguished, for in the instant case the employee, upon receiving notice from the administrator that the wage credit had not been cancelled, immediately filed a timely appeal. We, therefore, do not see where these cases have any bearing on this matter.
For the foregoing reasons the judgment of the District Court is affirmed, the costs of this appeal to be paid by the administrator.
Affirmed.