TATE, Judge.
The Administrator of the Division of Employment Security brings these proceedings to seek judicial review of a ruling by the agency’s Board of Review which had awarded unemployment compensation benefits to the claimant Courville, a former employee of Great Lakes Dredging Company.
The district court annulled the Board’s ruling, on the ground that Courville had not filed timely an intra-agency appeal. Cour-ville accordingly appeals.
At the initial agency hearing, the appeals referee had held Courville to be disqualified from benefits. The claimant appealed to the agency’s Board of Review, which reversed this determination by the appeals referee and which held that the claimant was not disqualified from unemployment compensation benefits. The Administrator concedes the correctness of the Board’s decision on the merits.
The Administrator contends, however, that the claimant did not file his appeal to the Board within ten days of the date of mailing to him of the adverse determination by the appeals referee, as required by LSA-R.S. 23:1630, so that the claimant’s right to appeal was irretrievably lost. The trial court sustained the Administrator’s plea of peremption filed on this ground. Delta Air Lines, Inc. v. Brown, La.App.Orl., 115 So.2d 903. See also: Sweet v. Brown, La.App. 3 Cir., 125 So.2d 261, 263; Jones v. Brown, La.App. 3 Cir., 124 So.2d 349.
The facts show the following: The initial hearing was held before Appeals Referee Derta Ardoin at the Lafayette Field Office of the agency. On September 13, 1961, the appeals referee’s decision was mailed to the claimant. Due to an intervening weekend, as is conceded, the tén days under LSA-R.S. 23:1630 within which the claimant was required to file his appeal from this decision did not expire until Monday, September 25th.
The appeals referee’s decision mailed to the claimant had the following letterhead address: “State of Louisiana/Board of Review/for the/Division of Employment Security/Opelousas, Louisiana.” It was signed by “Derta Ardoin, Appeals Referee”. The decision concluded: “FURTHER APPEAL RIGHTS: This decision becomes final unless an appeal is filed with the Louisiana Board of Review within 10 days after the mailing date as shown on the face of this decision.” (Italics ours.)
On September 22, 1961, as shown by the postmark, the claimant mailed his appeal from the adverse determination of the appeals referee to the following address: “State of Louisiana Board of Review/for the/Division of Employment Security/c/o Derta Ardoin /Opelousas, Louisiana.” The appeal was thus addressed to the Opelousas address of the Board of Review as shown on the notice of the appeals referee’s decision which had been sent to the claimant.
The agency records show that the claimant’s appeal, mailed to Opelousas from Breaux Bridge about thirty miles away on September 22nd (and ordinarily to be received by an Opelousas addressee on the following day, or two days before expiration of the delay on September 25th), did not reach the Baton Rouge office of the Board for filing until September 26th, or one day after expiration of the delay period.
In overruling the Administrator’s contention that the claimant’s appeal was not *294 timely, the Board through its chairman stated: “This appeal was made by letter from the claimant which was postmarked September 22, 1961, at Breaux Bridge, Louisiana, and was sent in care of Mr. Derta Ardoin, Opelousas, Louisiana. After receipt of this letter of appeal, Mr. Ardoin forwarded it to the Board of Review as soon as he was able.” (Italics ours.) The Board concluded that the appeal was timely under these circumstances.
We find no error in this determination by the Board. Although the Board made no express finding to this effect, it is manifest from the circumstances reflected by the record that the claimant’s appeal addressed to the Board in care of Derta Ardoin was received by him at the Board offices in Opelousas no later than September 25th, or within the delay period allowed by the statute, for thereafter it was forwarded by Mr. Ardoin for filing at the Baton Rouge domicile at least one day’s mailing distance away.
If the Administrator had any evidence to the contrary, this intra-agency data was far more available to him than to the claimant, and his failure to produce same should be construed as insufficiently meeting a required showing that the claimant’s appeal was not timely filed.
If, on the other hand, it is the Administrator’s contention that the appeal was not timely filed until received at the Baton Rouge domicile, even though it was timely received by the Opelousas field office, we find no statutory authority for such a strict construction of the statutory appeal requirements. Indeed, in the present instance the claimant’s mailing of his appeal to the Opelousas office seems to have been justified by the circumstance that the letterhead of the notice of the referee’s adverse decision showed only Opelousas as the address of the Board of Review, while the information contained therein as to the claimant’s appeal rights did not indicate that the claimant’s appeal should be mailed to any other address.
We must remember that the Louisiana legislature formally declared in enacting the Louisiana Employment Security Law, “As a guide to the interpretation and application of this Chapter, the public policy of this state is declared to be as follows: Economic insecurity due tO' unemployment is a serious menace to the health, morals and welfare of the people of this state. Unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life.” LSA-R.S. 23:1471. Unduly technical restrictions on rights of appeal conferred by the statute thus violate the declared legislative intention that the act should be liberally administered and interpreted in the light of its remedial aims.
For the foregoing reasons, we reverse the trial court judgment herein, we overrule the Administrator’s plea of peremption, and we dismiss this suit.
Reversed.