158 So.2d 74 (1963)
Norma Jean AUSTIN
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR.
No. 5974.
Court of Appeal of Louisiana, First Circuit.
November 12, 1963.
*75 Marion Weimer, Baton Rouge, for relator.
Victor V. Blackwell, Covington, for respondent.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This matter is before us on a writ of certiorari issued upon application of Richard E. Brown, Jr., Administrator of the Division of Employment Security, Department of Labor, State of Louisiana, (sometimes hereinafter referred to simply as "Applicant" or "Administrator") to review the judgment of the Honorable Twenty-second Judicial District Court, St. Tammany Parish, Honorable Jim W. Richardson, Judge, presiding, dismissing applicant's plea of peremption filed in bar of the appeal taken by plaintiff, Norma Jean Austin, (sometimes hereinafter referred to simply as "Respondent"), from the decision of the Appeals Referee rejecting Respondent's claim for unemployment benefits.
The chronology of pertinent events leading to our granting of the writ of certiorari issued herein may be succinctly narrated as follows: On October 3, 1961, Respondent, Norma Jean Austin, filed application for unemployment benefits. The investigating agent assigned to consider Respondent's application disallowed the claim whereupon Respondent timely appealed the adverse ruling to the Appeals Referee who heard the appeal on November 20, 1961, and on said same date rendered judgment affirming the disqualification entered by the investigating agent. The records of the Appeals Referee show on their face that notice of the decision affirming Respondent's disqualification was duly mailed to Respondent November 28, 1961, to the address given by Respondent in testimony taken at the hearing held before the Appeals Referee November 20, 1961. Appeal to the Board of Review was taken by Respondent December *76 12, 1961, wherein Respondent complained of the unfavorable decision of the Appeals Referee. Without alluding in any way to the timeliness of Respondent's appeal from the decision of the Appeals Referee, the Board of Review considered the appeal on its merits and entered judgment affirming Respondent's disqualification as found and pronounced by the Appeals Referee. Respondent then filed timely application for judicial review before the Honorable Twenty-second Judicial District Court, St. Tammany Parish and was there met with Applicant's exception of peremption based on the alleged untimely appeal to the Board of Review. Our learned brother below overruled the Administrator's plea of peremption on the ground the record contained no proof the decision of the Appeals Referee was mailed to Respondent on the date indicated, namely, November 28, 1961. In addition, the esteemed trial judge remanded the matter to the Board of Review for rehearing and the taking of additional testimony.
No appearance has been made on behalf of Respondent before this court. In the court below, however, Respondent's counsel of record made no contention the notice of the Appeals Referee was not mailed on the date shown on the face of the record, namely, November 28, 1961, or that it was never received by Respondent. In substance, Respondent contended below that the plea of peremption advanced for the first time in the District Court was waived by the failure of the Administrator to urge same at the hearing held before the Board of Review, and the learned trial judge so held.

ON THE APPLICATION FOR WRITS OF CERTIORARI
The supervisory powers now possessed by the several Courts of Appeal regarding matters within their appellate jurisdiction is the same as that vested in the Supreme Court, State of Louisiana, subject only to review by the Supreme Court which tribunal is given supervisory jurisdiction and control over all inferior courts by constitutional authority and mandate. LSA-Constitution Article 7, Section 29, adopted November 4, 1958.
Generally the supervisory power of an Appellate Court will be exercised only when the right of appeal does not lie or appeal does not provide an adequate remedy. State ex rel. Rossner v. Berthelot, 131 La. 367, 59 So. 773; Wheeler v. Wheeler, 184 La. 689, 167 So. 191.
In support of his application for writs, learned counsel contends the judgment of the trial court in overruling the plea of peremption was erroneous and constitutes an abuse of the trial court's authority in that it is patently contrary to settled jurisprudence as established in Delta Air Lines, Inc. v. Brown, La.App., 115 So.2d 903; Jones v. Brown, La.App., 124 So.2d 349, and Sweet v. Brown, La.App., 125 So.2d 261. Next illustrious counsel points out that the decision of the trial court in overruling the Administrator's peremptive plea, though final in nature, does not finally dispose of the case and is therefore not an appealable judgment. Predicated upon the cited authorities counsel for applicant maintains the plea of peremption should have been sustained and Respondent's claim dismissed. Counsel's next argument is that if the judgment of the trial court is permitted to stand the matter must be remanded to the Board of Review for the taking of additional evidence, the rendition of new judgment and finally an appeal to this court. Lastly, counsel contends such procedure is a vain and useless gesture involving only an unnecessary waste of time and expense considering the plea overruled by the trial court would be reurged before the Board of Review which board would then have no alternative except to sustain the plea of peremption and dismiss applicant's claim in compliance with the jurisprudence established by the cited authorities. Upon careful consideration of the entire matter we deem applicant's position well taken.
*77 Appeal may be taken only from a final judgment or an interlocutory judgment which causes irreparable injury. LSA-C.C.P. Article 2083.
A judgment that determines the merits of an action in whole or in part is a final judgment. A judgment that does not determine the merits but only preliminary matters in a cause of action is an interlocutory judgment. LSA-C.C.P. Article 1841.
As will hereinafter appear from our discussion of applicant's plea of peremption on its merits, under the attending circumstances, the action of the learned trial court in overruling the Administrator's plea of peremption and remanding the matter to the Board of Review for further hearing was a misuse of authority in that such action was clearly contrary to established jurisprudence. Since applicant had no right of appeal therefrom, this Court exercised its supervisory powers to prevent what would have clearly been an unnecessary and useless trial and prolongation of this matter.
We do not wish the present ruling to be interpreted by the bar as establishment of jurisprudence to the effect that writs of certiorari and review will be issued in all instances wherein a plea of peremption or prescription has been overruled by an inferior tribunal. The present case stands upon its own peculiar facts. In the instant case the writ was granted solely because there appears no dispute as to the facts of the case and our esteemed brother below declined to apply a settled line of jurisprudence which we deem decisive of the matter at issue.

ON THE MERITS
Respondent's claim for unemployment benefits is predicated upon the provisions of LSA-R.S. Tit. 23, Chapter 11, which is known as the "Louisiana Employment Security Law". Her disqualification to receive benefits thereunder was determined and adjudged in accordance with the authority found in LSA-R.S. 23:1601(1) the pertinent provision of which states that an employee shall be ineligible for unemployment benefits (for the period specified) in the event of his leaving his employment voluntarily and without good cause. As herein previously shown, Respondent's initial disqualification by the investigating agent was duly and timely appealed to the Appeals Referee who affirmed the disqualification after proper hearing. The records of the Appeals Referee show on their face that notice of the adverse decision rendered by that officer November 28, 1961, was mailed to Respondent on date of rendition. Respondent's appeal therefrom to the Board of Review was taken more than 10 days thereafter, namely, December 12, 1961.
Applicant's plea of peremption (filed for the first time in the District Court) is founded on LSA-R.S. 23:1630, the applicable portion which reads as follows:
"§ 1630. Review of decision by board of review; notice of board's decision
"The board of review may on its own motion, within ten days after the date of notification or of mailing of a decision of an appeal tribunal, initiate a review of such decision or allow an appeal to be filed by any party entitled to notice of such decision. * * *" (Emphasis added.)
In rejecting applicant's plea of peremption, the learned trial court held that notice of the decision of the Appeals Referee was not mailed November 28, 1961 and also that consideration of claimant's appeal by the Board of Review indicated the Board considered the appeal timely taken.
The record is barren of proof that the notice in question was not mailed as indicated on the face of the records of the Appeals Referee or that if mailed, it was not received by claimant. Under the circumstances mailing of the notice required by LSA-R.S. 23:1630 to commence running of the 10 day delay during which claimant may have appealed the action of the Appeals *78 Referee must be presumed to have occurred November 28, 1961, as shown by the notation appearing on the face of the records in the office of the Appeals Referee.
It appears the issue herein presented for determination was previously considered by our brothers of the Third Circuit in Sweet v. Brown, La.App., 125 So.2d 261, and therein decided contrary to the holding of the trial court herein. We are in accord with the ruling in the Sweet case, supra, to the effect the 10 day period for appeal allowed by LSA-R.S. 23:1630 is a period of peremption rather than prescription and that its running does not merely bar the remedy but destroys it completely so that upon expiration of the prescribed time the right of appeal ceases to exist and is lost.
In disposing of the identical issues before us, our colleagues of the Third Circuit employed the following language which we endorse:
"Claimant's first argument is that the proof in the record is insufficient that the original notice of agency determination was mailed to Lester Sweet on October 1, 1959. Claimant argues that this date should be established by postmarks or registered receipts instead of by the notation made on the notice by office personnel as to the date of mailing. This argument is without merit because public officials are presumed to perform correctly the duties required of them, and, furthermore, because the record is entirely void of any evidence to show that the notice was not mailed on October 1, 1959.
"Claimant's next argument is that the interviewer in the local office who prepared the formal application for appeal on October 14, 1959, indicated that it was to be effective October 6, 1959 (the date of Lester Sweet's letter addressed `Dear Company') and that this act by an agent of the administrator defeats the plea of peremption. This precise issue was before the court in Delta Air Lines, Inc., v. Brown, La. App. Orleans, 1959, 115 So.2d 903, 905, in which the Board of Review did not notice that claimant had failed to appeal to it within ten (10) days as required by LSA-R.S. 23:1630 and went ahead and considered claimant's case on the merits and found her qualified for benefits. The employer then filed suit for judicial review by the District Court which sustained the Board of Review. The employer then appealed to the Orleans Court of Appeal, where for the first time the administrator filed a plea of peremption. The Court of Appeal, held, as follows:
"`The section of the statute under which Annie D. Bell attempted to appeal from the decision granted her the right of appeal within ten days after date of notification of the opinion of the Appeal Tribunal, and, under the circumstances, unless said employee exercised her right to the appeal within said period, she had no standing whatever before the Board of Review as the right of appeal was irretrievably lost. The ten days stipulated for in the statute is not a term of prescription but rather one of peremption.
"In Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899, the Supreme Court said:
"`"When a statute creates a right of action, and stipulated the delay within which that right is to be executed, the delay thus fixed is not properly speaking one of prescription, but it is one of peremption.
"`"Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Taylor 525; Cooper v. Lyons, 9 Lea (Tenn.) 596."
"`The action of the Board of Review in reversing the opinion of the *79 Appeal Tribunal was absolutely null and void and without any legal effect because of the failure of Annie D. Bell to take her appeal within the ten day period provided for in the statute, and the ruling of the Board of Review must be stricken down. The Board of Review should have noticed that Annie D. Bell had lost her right of appeal, and its failure to do so cannot militate against the employer.'
"In the instant case the notice of claim determination was mailed on October 1, 1959. Under the provisions of LSA-R.S. 23:1629, the seven (7) days' delay within which claimant had a right to file an appeal ended on Thursday, October 8, 1959. Even if we consider Lester Sweet's letter of October 6, 1959, which was mailed to the wrong office, it was not received by anyone connected with the Division of Employment Security until Friday, October 9, 1959."
That applicant was entitled to urge the plea of peremption in the trial court notwithstanding failure of the Board of Review to consider said issue upon appeal from the decision of the Appeals Referee, is a matter of established jurisprudence. Thus, in Delta Air Lines, Inc. v. Brown, 115 So.2d 903, the Court of Appeal (formerly Orleansnow Fourth Circuit) held the peremptive effect of LSA-R.S. 23:1630 properly pleadable initially on appeal to the Appellate Court.
It follows, therefore our learned brother below erred in dismissing and overruling Applicant's plea of peremption and remanding this cause to the Board of Review for further proceedings.
For the reasons hereinabove set forth:
It is ordered, adjudged and decreed that the judgment of the trial court overruling and dismissing the plea of peremption filed by the Administrator and remanding the claim of Respondent to the Board of Review be and the same is hereby annulled, reversed and set aside and judgment rendered herein in favor of Richard E. Brown, Jr., Administrator, Division of Employment Security, Department of Labor, State of Louisiana, and against Respondent in Writ, Norma Jean Austin, sustaining the plea of peremption filed by said Administrator pursuant to the provisions of LSA-R.S. 23:1630, and rejecting and dismissing the claim of said Respondent for unemployment benefits, costs to be paid by Respondent, Norma Jean Austin.
Reversed and rendered.