CULPEPPER, Judge.
This is an appeal by the Administrator of the Division of Employment Security from a judgment of the district court, pursuant to LSA-R.S. 23:1634.
Ernest Houston filed a claim for uném-ployment compensation benefits. (See LSA-R.S. 23:1621-1635 for the procedure for filing and determining these claims.) The agency made an initial determination that the claimant was not entitled to benefits because he -voluntarily quit his job (as a cook in a cafe) without good cause connected with his employment. On being notified of his disqualification, claimant appealed to the Appeals Referee. The issue in this case arises from the fact that the claimant did not appear at the hearing called by the referee. The claimant contends he received no notice of the hearing.
A copy of the notice, in the records of the division, shows that on June 14, 1965 notice was mailed to the claimant, at the address shown on his claim, “General Delivery, Marksville, Louisiana”, advising him that a hearing before the Appeals Referee would be held in the Employment Office, 805 Murray Street, Alexandria, Louisiana on Monday, June 21, 1965, at 10:30 a. m. At the appointed time and place the referee called for the claimant. When he did not answer, the referee waited for an additional 15 minutes, after which time he again called for the claimant, all in accordance with Rule No. 7 of the Louisiana Board of Review. Receiving no answer the second time, the Appeals Referee dismissed the claimant’s appeal “with prejudice for lack of prosecution.”
The claimant then appealed to the Louisiana Board of Review, asserting that he- did not receive notice of the hearing before the Appeals Referee. The Board took no new evidence. It simply found the referee correctly dismissed the appeal “because- of nonappearance in accordance with Rule No-. 7”.
The claimant then petitioned the- district court for judicial review. In the- district *169 court the claimant was apparently allowed to testify that he did not receive the notice. Although the record does not contain this testimony, the district judge’s written opinion states:
“The Court questioned this claimant considerably, was impressed with his sincerity and apparent truthfulness. He positively maintains that he never received the notice of the hearing; he had been waiting for it; if he had received it, he intended to be present.”
Judgment was rendered remanding the case to the Board, with directions that proper notice be given and the case reopened to provide claimant an opportunity to present his evidence. From this judgment, the administrator has appealed.
The administrator relies on Sweet v. Brown, La.App., 125 So.2d 261 (3rd Cir. 1960), which was followed in Austin v. Administrator, Division of Emp. Sec., La.App., 158 So.2d 74 (1st Cir. 1963). In the Sweet case the Department’s record of the claim contained a notation by office personnel that a notice was mailed to the claimant on a certain date. It was argued that this mere notation in the record was not sufficient proof of the date or the mailing; and that the Department should, in addition, be required to show by registered mail receipts, postmarks or testimony of office personnel that the notice was properly mailed on the date indicated. We held that this notation in the record was sufficient proof to establish a presumption that the notice was mailed on the date shown, because public employees are presumed to perform properly the duties required of them and official records are presumed to be correct. But, we expressly stated there was absolutely no evidence to rebut-this presumption.
The administrator apparently contends that under the holdings in these cases there is a conclusive presumption that the information appearing on the face of the notice is correct, i. e., (1) that the notice was mailed on the date shown, and (2) that the claimant received it. We do not so interpret the cited cases. We think these presumptions are not conclusive; but, instead, are rebuttable.
For a general discussion of the classes of presumptions and .distinctions between them see 31A C.J.S. Verbo Evidence § 115, pp. 196-199. As a general rule, the presumption of proper performance of official duties and correctness of official records is rebuttable. Coen v. Toups, La.App., 168 So.2d 893 (2nd Cir. 1964) and authorities cited therein. Likewise, several Louisiana cases state that the presumption of receipt of a letter properly addressed and mailed is rebuttable. Paz v. Implement Dealers Mutual Insurance Co., 89 So.2d 514 (Orl.App.1956).
With this understanding of the law, it is apparent the Board of Review should have allowed the claimant to introduce additional evidence at its hearing, or on remand to the appeals tribunal, to rebut the presumption that claimant received the notice. LSA-R.S. 23:1630 expressly allows the board to hear additional evidence. After receiving such additional evidence, the board should decide whether claimant received the notice. This is a question of fact for the board, not the courts.
The district judge is expressly forbidden to receive additional evidence. LSA-R.S. 23 :1634 provides :
“No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of. fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court.” . .
For the reasons assigned, the judgment of the district court is amended to read as follows: The decision of the Board of Review is reversed and set aside. This case *170 is remanded to the Board of Review for the taking of additional evidence in accordance with the views expressed herein; and for further proceedings in accordance with law.
Amended and affirmed.