MILLER, Judge
(dissenting).
I respectfully submit that the majority has erroneously concluded that it is not “irreparable injury” to require litigants to try a case when the claim has been destroyed and the claim has ceased to exist. I vote to grant the application for writs.
Plaintiff James Alexander filed for unemployment insurance benefits. Benefits were denied on the initial determination that his employment was terminated by his former employer due to Alexander’s misconduct. The Appeal Referee made this determination by a decision mailed January 24, 1974 to Alexander at his last known address. Alexander admits that he had the decision in his hand on January 30, 1974. He did not deliver it to his attorney until February 11, 1974. His appeal of the Referee’s decision was not filed with the Louisiana Board of Review until February 15, 1974.
The Board of Review refused to consider the appeal on the grounds that it was not timely filed. LSA-R.S. 23:1630; Austin v. Administrator, Div. of Emp. Sec., Dept. of Lab., 158 So.2d 74 (La.App. 1 Cir. 1963); Brown v. Courville, 155 So.2d 292 (La.App. 3 Cir. 1963); Sweet v. Brown, 125 So.2d 261 (La.App. 3 Cir. 1960).
The trial court held that LSA-R.S. 23:1630 “does not establish a mandatory statutory time limit for an appeal to the Board of Review . . . , especially in view of the acknowledged fact that the attorney for the applicant who represents said applicant at the original hearing was never notified by the Board of Review.” The trial court held that an attorney who represented an applicant for unemployment compensation before an Appeal Referee is a “party” entitled to notice.
Relator argues that the appellate courts have repeatedly held LSA-R.S. 23:1630 not merely a provision of prescription, but it is *66 also a provision of peremption. I submit that there is no authority to the contrary.
In the Austin case, supra, the First Circuit had a similar factual situation presented on application for writs (except for the holding that an attorney is a “party” entitled to notice). Writs were granted and the court sustained the Administrator’s plea of peremption “to prevent what would have clearly been an unnecessary and useless trial and prolongation of this matter.” 158 So.2d at 77. They agreed with the Third Circuit’s Sweet decision, supra, which held that “the 10 day period for appeal allowed by LSA-R.S. 23:1630 is a period of peremption rather than prescription and that its running does not merely bar the remedy but destroys it completely so that upon expiration of the prescribed time the right of appeal is lost.” 158 So.2d at 78. If we were to apply the First Circuit’s understanding of “irreparable injury” we would grant this writ application.
My colleagues do not reach the issue of whether or not claimant’s attorney is a “party” entitled to notice under LSA-R.S. 23:1630, because of their settled conclusion that “irreparable injury” is not established when the injured party has a remedy by appeal in the event of an adverse judgment on the merits.
This represents the thinking of the majority of this court, over my consistent dissent. I respectfully submit that Courts and Administrative Boards have enough business to look after without being burdened with the trial of claims that have been destroyed.
In Block v. Fitts, 259 La. 555, 250 So.2d 738 (1971), the Supreme Court granted writs to review the trial court’s refusal to grant a jury trial. The writ application was filed before the case was tried on the merits. The application for jury trial was found timely filed and the right to jury trial was granted.
Although the Supreme Court opinion does not so state, this court refused writs in that case. The application was denied (over my dissent) not because we thought the application for jury trial had been filed too late, but because the majority found no “irreparable injury” in requiring parties to try the case to the judge knowing that in the event of adverse judgment, we would remand to require a second trial of the case to the jury.
I submit that “irreparable injury” is sustained when courts and litigants are required to participate in the trial of a destroyed case, and respectfully dissent.