LINDSAY, Judge.
The plaintiff, Mary A. Harris, appeals a judgment by the district court affirming a decision by the Board of Review which held that plaintiff was not qualified to receive unemployment compensation benefits. For *355 the following reasons, we reverse the district court judgment.
FACTS
The plaintiff was employed as a sewing machine operator by Mini Togs, Inc., a manufacturer of children’s clothing. On October 19, 1982, the plaintiffs employment with the company was terminated. The plaintiff claims that she and several other workers were told they were being laid off because Mini Togs, Inc. was discontinuing production of a particular line of clothing. On October 20, 1982, plaintiff applied to the Office of Employment Security for unemployment compensation benefits.
As a result of her termination from Mini Togs, the agency determined that plaintiff was eligible for unemployment compensation benefits. Therefore, the plaintiff received unemployment compensation benefits from October 27, 1982 until July 23, 1983. On July 23, 1983, the plaintiff reapplied for and continued to receive benefits until October of 1983.
On August 15, 1983, the plaintiffs former employer, Mini Togs, Inc., protested the agency’s 1982 determination that the plaintiff was eligible to receive benefits. On August 24, 1983, the Office of Employment Security dismissed Mini Tog’s protest. The agency ruled that since the employer had failed to respond when plaintiffs claim was filed, the issue could not be readjudicated and the protest was dismissed as not timely filed.
Mini Togs appealed that decision and a hearing was held before the Appeals Tribunal on October 14, 1983. Following the hearing, the appeals referee ruled that Mini Togs should be given the opportunity to protest the October, 1982 determination which allowed plaintiff to receive benefits. The appeals referee found that Mini Togs’ opposition to plaintiff’s receipt of benefits should be considered because there was a “possibility” that Mini Togs did not receive notice of the October, 1982 determination. This decision was based upon the fact that when plaintiff made her claim in October, 1982, she listed Mini Togs’ address by street location, “Desiard Street” in Monroe, and provided the zip code. The street number was not on the form. The referee found that due to the “possibility” that Mini Togs may not have received notice of the claim, the company should be allowed to protest the determination that the plaintiff was eligible to receive benefits.
Based upon the ruling of the appeals referee, the Office of Employment Security then reconsidered plaintiff’s original application for benefits and the circumstances under which her employment at Mini Togs was terminated. The employer furnished information indicating that plaintiff was terminated for misconduct connected with the employment. After reconsideration, the agency made the determination that the plaintiff had been terminated for tardiness and absence and was therefore not qualified to receive benefits. Benefits were terminated effective October 19, 1982. The agency waived its right to claim repayment from plaintiff of benefits already paid.
The plaintiff appealed and on December 13, 1983 a hearing was held before an appeals referee. On December 20, 1983 the referee affirmed the determination disqualifying the plaintiff from receiving benefits.
The plaintiff appealed and on February 10, 1984, the Board of Review affirmed the decision finding that the plaintiff was not eligible to receive unemployment compensation benefits. The plaintiff then filed suit in the district court, seeking judicial review.
Plaintiff first claimed that under LSA-R. S. 23:1629, Mini Togs had only fifteen days after a determination of eligibility to appeal that determination and thereafter, Mini Togs’ right to appeal was perempted. The plaintiff also claimed that there had been an unconstitutional termination of her benefits prior to a hearing. Plaintiff further sought to recover money damages in the amount of $10,000 against the Administrator of the Office of Employment Security based upon the alleged suspension of benefits prior to a hearing. The plaintiff also filed a request for forty-nine admissions of fact.
*356 The district court first found that because the court was limited to a review of the law, and the plaintiff was not entitled to present new evidence, the defendant was not required to answer the requests for admissions of fact. The court then found that the plaintiff had no right of action for damages against the Administrator of the Office of Employment Security.
The trial court later considered the merits of plaintiff’s claim for unemployment compensation benefits. The trial court affirmed the administrative decisions denying benefits, and held that the denial of benefits was supported by the law and the facts. The court also reiterated its decision that the plaintiff had no right of action for damages against the Administrator of the Office of Employment Security.
The plaintiff appealed, urging several assignments of error. First, the plaintiff claims that the district court erred in failing to find that Mini Togs was barred from appealing plaintiffs entitlement to benefits because the appeal was not made within fifteen days of the finding of plaintiffs eligibility. Second, the plaintiff argues that the trial court erred in failing to consider her claim that the Administrator of the Office of Employment Security violated Section 303(A)(1) of the Federal Social Security Act by suspending the plaintiffs benefits prior to a hearing.
For the following reasons, we find that the Appeals Tribunal and the Board of Review incorrectly allowed Mini Togs to appeal the determination of plaintiffs eligibility to receive benefits. Mini Togs’ right to appeal had perempted. The district court erred in affirming the actions of the Appeals Tribunal and the Board of Review. Because we reverse the district court decision on this basis, consideration of the plaintiff’s second assignment of error becomes unnecessary.
RIGHT TO PROTEST DETERMINATION OF ELIGIBILITY
LSA-R.S. 23:1629 provides in pertinent part:
The claimant or any other party entitled to notice of a determination may file an appeal from such determination with an appeal tribunal within 15 days after notification was given or was mailed to his last known address.
Pursuant to this statute, Mini Togs, which was entitled to notice of the agency determination that plaintiff was entitled to receive benefits, had a right to appeal that decision to an Appeals Tribunal within 15 days of the date notification was given or mailed to its last known address.
When a statute such as LSA-R.S. 23:1629 creates a right of action and then stipulates the delay within which the right is to be exercised, the delay is not one of prescription, but is one of peremption, and the running of the delay destroys the claim so completely that any right of action ceases to exist and is lost. Mack v. Winn-Dixie of Louisiana, Inc., 442 So.2d 756 (La. App. 1st Cir.1983); Austin v. Administrator, Division of Employment Security, Department of Labor, 158 So.2d 74 (La.App. 1st Cir.1963); Sweet v. Brown, 125 So.2d 261 (La.App. 3rd Cir.1960); Delta Airlines, Inc. v. Brown, 115 So.2d 903 (La. App. Orleans 1959).
The record before us indicates that plaintiff began receiving benefits on October 27, 1982 following the agency determination that she was qualified. In the normal course Mini Togs would be notified of this determination. Thereafter, in addition to the notice of the agency determination, the Administrator of the Office of Employment Security presumptively mailed to the employer quarterly statements of benefits paid to former employees, as required by LSA-R.S. 23:1541. However, it was not until August 15, 1983, after plaintiff filed an application for a continuation of benefits, that Mini Togs filed a protest to the October, 1982 agency determination that plaintiff was entitled to benefits. Clearly, this protest was not timely filed.
On August 24, 1983, the Office of Employment Security correctly advised Mini Togs that its protest was untimely. Mini Togs appealed that decision to the Appeals Tribunal. The Appeals Referee found there was a “possibility” that Mini Togs did *357 not receive notice of the plaintiffs claim in October, 1982 because the plaintiff gave an incomplete address which was used to mail notices to Mini Togs.
However, this finding by the appeals tribunal that Mini Togs did not receive notice of plaintiffs application for benefits was in error and is not supported by the record.
The record reflects that Mini Togs is a sizable manufacturing business employing approximately 200 manufacturing workers. The business is located on Des-iard Street, a main business area in Monroe. The record contains no evidence or testimony supporting the appeals referee’s ruling that Mini Toggs did not receive notice of plaintiffs claim for benefits or the 1982 agency determination that plaintiff was eligible to receive benefits. Further, in the normal course, notification of the agency determination was to be sent to Mini Togs by the Office of Employment Security, as were quarterly statements reflecting benefits paid. There is a legal presumption which provides that public officials are presumed to perform correctly the duties required of them. Austin v. Administrator, Division of Employment Security, supra; Sweet v. Brown, supra.
The appeals tribunal speculated that there was a “possibility” that the notice to Mini Togs may have been sent to the wrong address. However, mere speculation that notice was not sent to the correct address is insufficient. Joubert v. Blache, 488 So.2d 749 (La.App. 3rd Cir.1986).
Therefore, because the record does not reveal any basis upon which it could be concluded that Mini Togs did not receive notice of the determination of plaintiffs eligibility to receive benefits, we must conclude that Mini Togs’ right to appeal that determination had perempted at the time the appeal was filed. Because Mini Togs’ right to appeal the determination had ceased to exist, the appeal could not properly be considered by the appeals tribunal.
CONCLUSION
For the reasons stated above, we find that the district court erred in affirming the decision of the Board of Review and the appeals tribunal disqualifying the plaintiff from receiving unemployment compensation benefits. At the time Mini Togs appealed the determination of the plaintiffs eligibility, its right to do so had perempted and Mini Togs failed to make a showing of the existence of any occurrence which would bar the tolling of the peremptive period.
Accordingly, the judgment of the district court is reversed and set aside and the Office of Employment Security is instructed to make payment of unemployment compensation benefits due the plaintiff in accordance with law.
REVERSED.