HIGHTOWER, Judge.
An unemployment compensation claimant seeks reversal of a district court judgment which in effect dismissed, as untimely, his appeal from a disqualification. We affirm the lower court.
FACTS
On March 30, 1989, defendant, Willamette Industries, fired plaintiff, Grady Jefferson, Jr., for fighting on the job. Claiming he did not start the altercation, but merely defended himself, plaintiff sought unemployment benefits.
On May 4, 1989, the Office of Employment Security mailed plaintiff a notice of disqualification, after concluding that the employer discharged him for misconduct connected with the employment. That document further advised that any appeal would have to be received by the Office of Employment Security no later than May 19, 1989.
Without specifying when he actually obtained the notice, plaintiff filed an appeal on July 11 and asserted that his tardiness resulted from the U.S. Postal Office inadvertently placing his notification in other mail, a catalogue, delivered to a neighbor’s home. The administrative law judge dismissed the appeal two days later, citing LSA-R.S. 23:1629, infra.
In subsequent appeals, both the Board of Review and the trial court sustained the ruling of untimeliness. Plaintiff, however, has continued to maintain that LSA-R.S. 23:1629 is ambiguous in providing two events from which the appeal delay runs while failing to specify whether the time commences with the first or the last occurrence. Contending that “the date notification was given” refers to actual receipt of notice, plaintiff argues his appeal delay did not begin until his neighbor delivered the misrouted correspondence, and that the July 11, 1989 appeal was therefore timely. We disagree.
DISCUSSION
With respect to the right to appeal a determination of eligibility to an appeal tribunal, LSA-R.S. 23:1629 provides, in pertinent part:
The claimant or any other party entitled to notice of a determination may file an appeal from such determination with an appeal tribunal within 15 days after the date notification was given or was mailed to his last known address.
Plaintiff correctly analyzes this provision to designate two occurrences from which the appeal delay may run. However, the phrase, “notification was given”, pertains to notice by means other than transmission through the post office, and does not else-wise refer to the actual receipt of notice. On the other hand, notification by mail has been treated more explicitly, since otherwise uncertainty would exist as to whether the delay ran from the date of mailing or the date of receipt. Compare Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984). This construction promotes reliability in the administration of appeals by allowing the agency processing unemployment claims to *641 accurately note the date on which decisions are communicated, and thus consistently begin appeal delays. Conversely, acceptance of plaintiffs interpretation would create a managerial nightmare; every notice sent by regular mail would entail a different, unconfirmable date of receipt.
The record clearly reflects, and plaintiff admits, that the Office of Employment Security mailed his notice to his correct address on May 4, 1989. Pursuant to LSA-R.S. 23:1629, then, he had 15 days from that date to appeal the determination to the appeal tribunal. Indeed, the period for appeal under this Section, and LSA-R.S. 23:1630, is one of peremption, not prescription, and its running destroys the claim so completely that any right of action or appeal ceases to exist and is lost. Harris v. Whitfield, 519 So.2d 354 (La.App. 2d Cir.1988); Mack v. Winn Dixie of Louisiana, Inc., 442 So.2d 756 (La.App. 1st Cir.1983); Sweet v. Brown, 125 So.2d 261 (La.App. 3d Cir.1960).
Moreover, nothing suspends or interrupts a peremptive period and its extin-guishment of a right. LSA-C.C. Arts. 3458; 3461; Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). See also St. Charles Parish School Board v. GAF Corp., 512 So.2d 1165 (La.1987); Carpenter v. Cox, 186 So. 863 (La.App. 2d Cir. 1938); Canal Marine Supply v. Outboard Marine, 522 So.2d 1201 (La.App. 4th Cir.1988). Hence, plaintiffs delay for appeal continued to run despite any alleged fault by postal employees.
Accordingly, the administrative law judge properly dismissed the appeal filed approximately two months after the per-emptive period had lapsed, and the trial court correctly affirmed that action, as well as that of the Board of Review.
CONCLUSION
For the reasons expressed herein, the district court judgment is affirmed with all costs assessed against plaintiff.
AFFIRMED.