442 So.2d 756 (1983)
Delores M. MACK
v.
WINN DIXIE OF LOUISIANA, INC., et al.
No. 83CA0223.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Larry P. Boudreaux, Thibodaux, for plaintiff-appellee Delores M. Mack.
Stephen D. Ridley of McCalla, Thompson, Pyburn & Ridley, New Orleans, for defendant-appellant Winn-Dixie of Louisiana, Inc.
James A. McGraw, Legal Unit, Office of Employment Security, Baton Rouge, for defendant-appellee Louisiana Dept. of Employment Security.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
On October 12, 1981, Delores Mack (plaintiff) quit her job as cashier with Winn Dixie of Louisiana, Inc. (defendant). She gave as her reason for quitting the fact that she was pregnant and suffering from morning sickness. On October 29, 1981, she applied for unemployment security benefits. Her claim was denied on October 31 after an agency determination that she had left her employment because of pregnancy *757 but was not required to leave by her employer. Her leaving was determined to be for personal reasons and not for good cause connected with her employment. On November 6, 1981, plaintiff appealed that disqualification, and a hearing before an appeals referee was scheduled for November 20, 1981. At that time, a hearing was held before the appeals tribunal of the State of Louisiana Office of Employment Security. The agency's original determination was upheld in writing. That decision was mailed to plaintiff on November 24, 1981. It also informed plaintiff of her appeal rights as follows:
FURTHER APPEALS RIGHTS. THIS DECISION BECOMES FINAL UNLESS AN APPEAL IS FILED WITH THE LOUISIANA BOARD OF REVIEW, P.O. BOX 44094, BATON ROUGE, LA. 70804, OR WITH THE OFFICE SHOWN BELOW, WITHIN 15 DAYS AFTER THE MAILING DATE AS SHOWN BELOW. APPEALS FILED BY MAIL MUST BE RECEIVED WITHIN THE 15 DAY TIME LIMIT.
The fifteen-day period for appeal expired on December 9, 1981. On December 10, the Louisiana Board of Review received plaintiff's appeal and subsequently dismissed same as perempted under the provisions of La.R.S. 23:1630 which reads in part as follows:
The board of review may on its own motion, within fifteen days after the date of notification or of mailing of a decision of an appeal tribunal, initiate a review of such decision or allow an appeal to be filed by any party entitled to notice of such decision.
Plaintiff then filed a petition for judicial review with the Seventeenth Judicial District Court, Lafourche Parish, on February 11, 1982. On November 10, 1982, that court reversed the decision of the Board of Review and entered judgment for plaintiff on the merits. Defendant has brought this appeal urging the following assignments of error: (1) the court erred in overturning the decision of the Board of Review that plaintiff's claim had perempted, and (2) the court erred in deciding the merits of plaintiff's claim which had not at first been decided by the Board of Review.
La.R.S. 23:1630 as quoted above clearly provides a fifteen-day period for appealing a decision of an appeals tribunal. This is a period of peremption and its running destroys the claim so completely that any right of action ceases to exist and is lost. Austin v. Administrator, Div. of Emp. Sec., Dept. of Lab., 158 So.2d 74 (La.App. 1st Cir.1963); Sweet v. Brown, 125 So.2d 261 (La.App. 3rd Cir.1960); Delta Air Lines, Inc. v. Brown, 115 So.2d 903 (La.App.Orl.Cir.1959).
Plaintiff's appeal was not received until the sixteenth day following the date of mailing of the appeals referee's decision. The jurisprudence has been uniformly consistent in this area. After the fifteenth day, any right of action plaintiff had was lost and could not be resurrected. The decision of the district court reversing the Board of Review was erroneous as a matter of law and must be reversed.
For the above reasons, the decision of the trial court is reversed. We have determined that plaintiff's claim was not pursued frivolously so costs cannot be assessed against her. La.R.S. 23:1692. Costs are taxed to defendant.
REVERSED AND RENDERED.