DOUCET, Judge.
This unemployment compensation case involves an appeal from a judgment rendered by a district court reversing the administrative determination which disqualified appellee from receiving benefits. We reverse.
After leaving the employ of Overton Constructors, Travis Martin, appellee, filed a claim for unemployment compensation benefits with the Louisiana Office of Employment Security (hereinafter referred to as the Agency). The Agency initially determined that appellee left his employment for good cause connected with that employment and, therefore, assessed no disqualification for unemployment compensation benefits. Overton Constructors appealed this determination to the Appeals Tribunal. There, the Appeals Referee ordered that the determination of the Agency be reversed and that a disqualification for benefits be assessed against the appellee from July 25, 1986, pursuant to LSA-R.S. 23:1601(1), because on that date appellee left his employment without good cause connected with that employment. The decision of the Appeals Tribunal was rendered and mailed to appellee on September 30, 1986. It also informed appellee of his appeal rights as follows:
FURTHER APPEAL RIGHTS: THIS DECISION BECOMES FINAL UNLESS AN APPEAL IS FILED WITH THE LOUISIANA BOARD OF REVIEW, P.O. BOX 94094, BATON ROUGE, LOUISIANA 70804-9094 OR WITH THE OFFICE SHOWN ON THE FACE OF THIS DECISION WITHIN FIFTEEN (15) DAYS AFTER THE MAILING DATE AS SHOWN. IF YOU EXERCISE FURTHER APPEAL, RIGHTS, CONTINUE TO FILE YOUR CLAIM FOR BENEFITS WEEKLY.
The fifteen-day period for appeal expired on October 15, 1986. On February 9, 1987, the Louisiana Board of Review received appellee’s appeal and subsequently dismissed same as perempted under the provisions of LSA-R.S. 23:1630, which provides in part as follows:
“The board of review may on its own motion, within fifteen days after the date of notification or of mailing of a decision of an appeal tribunal, initiate a review of such decision or allow an appeal to be filed by any party entitled to notice of such decision.”
Appellee then filed a petition for judicial review with the Thirty-Fifth Judicial District Court, Grant Parish. On March 11, 1988, that court reversed the decision of the Board of Review and entered judgment for appellee on the merits. The Agency has brought this appeal urging three assignments of error, only one of which requires consideration in order to dispose of this appeal.
The Agency asserts that the district court erred in failing to dismiss appellee’s claim due to appellee’s failure to file a timely appeal with the Louisiana Board of Review. We agree.
*87 As quoted above, LSA-R.S. 23:1630 clearly provides a fifteen-day period for appealing a decision of an appeals tribunal. This is a period of peremption and its running destroys the claim so completely that any right of action ceases to exist and is lost. Mack v. Winn Dixie of Louisiana, Inc., 442 So.2d 756 (La.App. 1st Cir.1983); Austin v. Administrator, Div. of Emp. Sec., Dept. of Lab., 158 So.2d 74 (La.App. 1st Cir.1963); Sweet v. Brown, 125 So.2d 261 (La.App. 3rd Cir.1960); Delta Air Lines, Inc. v. Brown, 115 So.2d 903 (La.App.Orl.Cir.1959).
Appellee’s appeal was not received by the Board of Review until February 9, 1987, which was over four months following the date of mailing of the Appeals Tribunal’s decision. The jurisprudence has been consistent in this area. After the fifteenth day following the mailing of the decision, any right of action appellee had was lost and could not be resurrected. The decision of the district court reversing the Board of Review was erroneous as a matter of law and must be reversed.
For the above reasons the decision of the district court is reversed. We have determined that the proceedings for judicial review were instituted frivolously, so all costs are assessed against appellee. LSA-R.S. 23:1692.
REVERSED.