SEXTON, Judge.
This unemployment compensation case involves an appeal from a district court judgment reversing the administrative determination which disqualified appellee, Annie Bullock, from receiving benefits. We reverse.
After being discharged from her job at ConAgra for violating a company rule prohibiting fighting on company premises or during company hours, appellee filed a claim for unemployment compensation benefits with the Louisiana Department of Employment Security (hereinafter referred to as the Administrator). The Administrator determined that appellee’s “push” of a coworker constituted misconduct connected with her employment and therefore assessed a disqualification for unemployment compensation benefits pursuant to LSA-R.S. 23:1601(2)(a). Bullock appealed this determination to an appeals tribunal pursuant to LSA-R.S. 23:1628-1629. There, the disqualification was affirmed effective December 3, 1991. A copy of this decision was mailed to appellee on February 18.1992. This notice appropriately informed appellee of the 15-day period for an appeal to the Board of Review, in accordance with LSA-R.S. 23:1630. This period expired March 4, 1992.
Bullock’s appeal, dated March 9,1992, was received by the Board of Review on March 12.1992. Without alluding in any way to the timeliness of Bullock’s appeal from the Administrative Law Judge’s decision, the Board of Review considered the appeal on its merits and entered judgment affirming Bullock’s disqualification. Appellee then filed a timely application for judicial review in the Second Judicial District Court, Bienville Parish.
On February 17, 1993, the district court reversed the decision of the Board of Review and entered judgment for appellee on the merits. The court found that appellee’s push did not constitute a fight and was not miscon-duet under the statute precluding a claimant from benefits. The Administrator has brought this appeal asserting two assignments of error. Subsequently, this court ordered the parties to brief the issue of the timeliness of Bullock’s appeal to the Board of Review.
It is only this timeliness issue that requires consideration in order to dispose of this appeal. LSA-R.S. 23:1630 clearly provides a 15-day period for appealing a decision of an appeals tribunal. This is a period of preemption and its running destroys the claim so completely that any right of action ceases to exist and is lost. Martin v. State of Louisiana, Office of Employment Security, 554 So.2d 85 (La.App. 3rd Cir.1989), writ denied, 556 So.2d 43 (La.1990); Mack v. Winn Dixie of Louisiana, Inc., 442 So.2d 756 (La.App. 1st Cir.1983); Austin v. Administrator, Division of Employment Security, Department of Labor, 158 So.2d 74 (La.App. 1st Cir.1963); Sweet v. Brown, 125 So.2d 261 (La.App. 3rd Cir.1960); Delta Air Lines, Inc. v. Brown, 115 So.2d 903 (La.App. Orl.Cir.1959).
At best, Bullock’s appeal to the Board of Review, if mailed on the day written, was 20 days subsequent to notice of the appeals tribunal decision. The jurisprudence in this area is well established. Appellee’s right of action is preempted and cannot be resurrected. As a result, the trial court’s action was null and void and without any legal effect. That ruling will therefore be reversed at appellee’s cost.*
REVERSED.
BROWN, J., concurs in the result.

We note that Bullock was involved in a similar incident with another co-worker a mere month before this incident about which she was counseled by the company. Thus, the instant incident is not a single hotheaded one and may rise to the level of disqualifying misconduct. Gunn v. Gerace, 516 So.2d 1180 (La.App. 2d Cir.1987).