WICKER, Judge.
This appeal arises from a claim for unemployment compensation. The Louisiana Department of Labor, Office of Employment Security (OES), appeals a ruling of the district court which found the claimant entitled to benefits. On appeal the OES contends the district court erred in ruling on the merits of the ease because the only issue before it was whether the board of review properly dismissed the claimant’s appeal for untimeliness. We vacate the district court’s judgment and remand the matter for further proceedings before the board of review.
The claimant, Charmaine Wallace, was employed at Southern University at New Orleans (SUNO) from November 29, 1989 until she resigned her position on January 31, 1994. She applied for unemployment compensation, giving her reasons for leaving as stressful workload, long-distance driving, and to go back to school. She was found to be eligible and her application for benefits was approved.[1]
SUNO sought review of the determination. A hearing was set before the appeals tribunal for March 31, 1994, but Wallace failed to appear and the hearing took place without |2her. SUNO offered testimony from its personnel director and introduced copies of two letters from Wallace. In the first, dated January 5, 1994, she requested six months of leave without pay for the 1994 spring semester, beginning on February 1, 1994, in order to do student teaching. In the second letter, dated January 11, 1994, she withdrew her prior request for a leave of absence and, instead, tendered her resignation effective February 1, 1994, because of stress from an understaffed working environment and because of the lengthy driving time between her home and her job.
On April 5, 1994 the administrative law judge issued his decision, in which he made findings of fact and concluded:
The claimant has not proved that she left her job for good cause attributable to any substantial change made to the employment by the employer. Although she did occasionally have to work the counter more frequently than she had in the past, this did not require overtime. Neither did the claimant get any reprimands for not get *476 ting all of her work done. Her leaving was under disqualifying circumstances.
The decision was mailed on April 5, 1994. It contained a notice advising that further appeal must be made to the Louisiana Board of Review within 15 days after the mailing date. On May 3, 1994 Wallace appealed to the board of review. On June 9, 1994 the board of review dismissed her appeal as untimely, stating,
An appeal was filed to the Board of Review on May 3, 1994 from a decision of the Administrative Law Judge, Appeals Tribunal, identified above. This appeal was not filed within the statutory time limit set forth in R.S. 23:1630 of the Louisiana Employment Security Law. Therefore, the appellant’s rights are lost and the Board of Review is not ruling on the merits of the ease, but only on the issue of Timeliness of Appeal.
Wallace then sought judicial review. The district court ruled that the board of review had erred in dismissing the appeal as untimely, finding that a letter allegedly sent by Wallace to the administrative law judge on April 8, 1994 should have been treated as an appeal and forwarded to the board of review, making the appeal timely. The district court also ruled on the merits of the case, which had not been addressed by the board of review. The court reversed the board of review’s decision and found Wallace entitled to benefits.
_JjThe Office of Employment Security (OES) has appealed, asserting that the district court incorrectly ruled on the merits of the case when such a matter was not in question at that time and that the court exceeded its authority by going beyond the scope of judicial review. The OES contends the district court erred in considering the merits of the appeal when the board of review failed to address the merits because of the untimeliness of the appeal.
La.R.S. 23:1630(A) reads in pertinent part as follows:
The board of review may on its own motion, within fifteen days 'after the date of notification or of mailing of a decision of an appeal tribunal, initiate a review of such decision. The board of review may otherwise allow an appeal from such decision to be filed, within fifteen days after the date of notification or of mailing of a decision of an appeal tribunal, by any party entitled to notice of such decision, if such appeal is either mailed, as evidenced by the postmarked date, or is delivered by any such party.
The fifteen-day period provided in La.R.S. 23:1630 for appealing a decision of the appeals tribunal is a period of peremption and its running destroys the claim so completely that any right of action ceases to exist and is lost. Mack v. Winn Dixie of Louisiana, Inc., 442 So.2d 756, 757 (La.App. 1 Cir.1983). In Mack, the claimant’s appeal was not received until the sixteenth day following the date of mailing of the appeals referee’s decision. The court of appeal held the board of review was correct in dismissing the appeal: “The jurisprudence has been uniformly consistent in this area. After the fifteenth day, any right of action plaintiff had was lost and could not be resurrected. The decision of the district court reversing the Board of Review was erroneous as a matter of law and must be reversed.” Id.
“[T]he Unemployment Compensation Act must be construed liberally in the interest of its beneficiaries. However, the scope of this beneficial construction is bounded by express legislative restrictions.” Jones v. Blache, 480 So.2d 894, 898 (La.App. 2d Cir.1985).
La.R.S. 23:1634(B) provides that in judicial review of decisions of the board of review, “the jurisdiction of the court shall be confined to questions of law. No additional |4evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such record.”
In Landry v. Shell Oil Co., 597 So.2d 521, 525 (La.App. 1 Cir.1992), the court of appeal held,
La.R.S. 23:1364 clearly states that the district court shall not receive any addi *477 tional evidence. The taking of additional evidence by the district court is error. * * * The district court judge erred in considering and giving weight to the written drug policy submitted by Mr. Landry since it did not form part of the record of the administrative hearing. The proper procedure would have been to remand the case to the Board of Review for the taking of additional evidence.
Thus, the district court erred in considering as evidence the letter allegedly sent by the claimant to the administrative law judge after his decision was rendered, and further erred in considering the evidence on the merits of the claim. The appropriate action would have been to remand the matter to allow the board of review to take evidence as to the timeliness of the appeal, to make a finding as to timeliness and, if appropriate, to consider and rule on the merits of the claim. It was error for the district court to rule on the merits when the board of review had never addressed those.
For the foregoing reasons, the judgment of the district court is vacated. The matter is remanded to the board of review for the taking of evidence and ruling on the timeliness of Wallace’s appeal. If the appeal is determined to be timely, the board of review shall address the merits of the claim in the appropriate manner.

JUDGMENT VACATED; CASE REMANDED TO BOARD OF REVIEW WITH ORDER.

. La.R.S. 23:1601(1)(a) provides, "An individual shall be disqualified for benefits: ... [i]f the administrator finds that he has left his employment without good cause attributable to a substantial change made to the employment by the employer.”