| ¡J3ALEY, Judge.
Entergy Corporation appeals a judgment of the district court that remands the ease of plaintiff Alvin J. Hughes to the Louisiana Board of Review of the Office of Employment Security for the taking of evidence regarding the timeliness of plaintiffs appeal to the Board from a judgment of the Office of Employment Security denying Hughes unemployment benefits. On appeal, Entergy argues that the district court erred in failing to affirm the Board *45 of Review’s decision that Hughes’s appeal was untimely under LSA-R.S. 23:1629, because the appeal delays are peremptive, and they argue that the evidence sought by the district court cannot alter Hughes’s ultimate ineligibility for unemployment compensation benefits. We affirm the judgment of remand, but for different reasons than the trial court assigned.
The record shows that Hughes was separated from employment with Entergy on December 7, 1996. He applied for unemployment compensation benefits on July 6, 1997. In that application, he reported that he received severance benefits when he laleft employment. He alleges that he was told by a woman employee in the unemployment office not to return to the unemployment office until September 29, 1997, when his severance benefits would be exhausted.
On August 13, 1997, Hughes received a Notice of Claim Determination that declared he was not eligible for benefits. He mailed an appeal to the Office of Employment Security on September 29, 1997. An administrative law judge conducted a hearing on October 21, 1997, confining the issue to whether Hughes’s appeal was timely under LSA-R.S. 23:1629. The ALJ found his appeal untimely, notwithstanding the instructions of agency personnel to Hughes not to return until September 29, 1997.
Hughes appealed the ALJ’s decision to the Board of Review, which affirmed the ALJ’s decision that his appeal was untimely. Hughes filed a Petition for Review in the 24th Judicial District Court on December 4, 1997. On April 29, 1998, the district court entered a judgment of remand, ordering the case-remanded to the Board of Review “to find out the name identity of the worker who instructed the claimant not to contact the local office and subpoena that worker.”
Entergy argues that Hughes’s claim for unemployment was properly denied because he was not eligible to receive unemployment benefits until his severance benefits were exhausted, and thus had Hughes filed a timely appeal after August 13, the ALJ would have had no alternative but to disqualify him, because his severance benefits did not run out until September 29, 1997. Entergy also argues that the time delay in LSA-R.S. 23:1629 is peremptive, and thus cannot be revived even if the court determines that an employee of the office gave Hughes the wrong instructions.
At the hearing before the ALJ, Hughes testified that he received the Notice of Claim Determination, and that he read and understood the instructions that he had ^fifteen days to appeal. He said, however, that a lady in the unemployment office had told him not to return to the employment office until his benefits ran out, no matter what he received in the mail from that office. Though inartfully argued, Hughes believed her instructions superceded the instructions for filing an appeal found on the Notice of Claim Determination.
Hughes is not represented by counsel, but appellee, the Office of Employment Security, argues that Hughes has borne his burden of rebutting the presumption that the Appeals’ personnel properly performed her official duty.[1] Appellee further argues that a remand is proper when the court feels it cannot determine the issue on the evidence before it, under LSA-R.S. 23:1634.
Analysis
The appeal delays in LSA-R.S. 23:1629 and 1630 are peremptive, and cannot be revived once they have elapsed. Bullock v. Administrator, Dept. of Employment Sec., 628 So.2d 190 (La.App. 2 Cir.1993); Jefferson v. State, 573 So.2d 639 (La.App. 2 Cir.1991); Martin v. State Office of Employment Sec., 554 So.2d 85 *46 (La.App. 3 Cir.1989); Ward v. Blache, 466 So.2d 723 (La.App. 4 Cir.1985).
Hughes’s claim that an employee of the unemployment office gave him instructions that superceded the appeal instructions on the Notice of Claim Determination sounds in contra non valentón. This doctrine, however, is not available as a defense to a peremptive time period. Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291.
We note, however, that a claimant is allowed to reactivate his premature claim once his severance pay has ended. Hughes mailed his appeal to the Office of | ^Unemployment Compensation on September 29, 1997, the day his severance pay ended. We construe his appeal to be, in fact, an attempt by Hughes to reactivate his claim for unemployment benefits. In that posture, we affirm the judgment to remand, and instruct that Hughes’s claim be remanded to the Office of Unemployment Compensation for consideration as a reactivation of his claim for unemployment compensation benefits, retroactive to September 29, 1997.
AFFIRMED; REMANDED WITH INSTRUCTIONS.

. There is a rebuttable presumption of the proper performance of official duties and the correctness of official records. Coen v. Toups, 168 So.2d 893 (La.App. 2 Cir. 1964)