liAMY, Judge.
The plaintiff filed a petition in the district court seeking review of a decision of the Louisiana Board of Review. The defendant filed an exception, alleging that the matter was untimely, as the petition was filed after the expiration of the per-emptive delay period. An exception of vagueness or ambiguity was also filed due to allegations of fraud in obtaining the initial decision of the Administrative Law Judge. The trial court found the matter to be untimely, but dismissed the exception relating to untimeliness and remanded the matter to the Board of Review for consideration of the fraud allegations. The exception of vagueness or ambiguity was also referred to the Board for its consideration. The defendant appeals. For the following reasons, we reverse.
Factual and Procedural Background
The defendant, Connie Hunt, ceased employment with the plaintiff, the Town of New Llano on March 26, 2001. Her application for unemployment benefits was denied. She subsequently appealed that decision to the Appeals Tribunal for the Office of Regulatory Services. An Administrative Law Judge found Ms. Hunt entitled to employment benefits, rendering a decision on May 2, 2001. The Town of New Llano appealed the decision of the Administrative Law Judge with the Board of Review. The Board of Review affirmed the decision finding Ms. Hunt entitled to employment benefits. One member of the Board of Review panel dissented. The decision of the Board of Review was mailed on June 28, 2001.
The Town of Llano alleges that, when the Board of Review’s decision was received, the Department of Labor was contacted for clarification. It contends that an employee of the Board informed it that “the claim had been denied and that the claimant would not receive benefits, but in August, 2001, the Town received a bill for | ¡.benefits charges for benefits paid to claimant.” The Town contends that it was then informed that the decision had been in favor of Ms. Hunt.
The Town filed a petition instituting the present matter on September 7, 2001. It sought review of the Board of Review’s decision of June 28, 2001. The petition alleged that the decision before the Administrative Law Judge, which was affirmed by the Board of Review, was erroneous and “obtained through fraudulent conduct, deceit, misrepresentation and ill practices.... ” Ms. Hunt and the Administrator for the Louisiana Department of Labor, Board of Review, were named as defendants. The Town asked that the decision of the Board of Review be reversed and set aside.
*1163 Ms. Hunt filed a peremptory exception, alleging that the petition was untimely. She asserted that the delay for filing for review of the Board of Review’s decision is controlled by La.R.S. 23:1629 and La.R.S. 23:1634 and that the delay is fifteen days from date of mailing of the Board of Review’s decision. In this case, the petition was not filed until September 7, 2001, well after the expiration of the delay. Ms. Hunt also filed an exception of vagueness and ambiguity, asserting that the allegations of fraud were not supported by an adequate factual basis in the petition, as is required by La.Code Civ.P. art. 856.[1] The Department of Labor joined in Ms. Hunt’s exceptions.
At the hearing on the exceptions, the Town of New Llano asserted that although the fifteen-day review delay associated with the Board of Review’s decision had expired, an employee of the Department of Labor had mischaracterized the nature of the Board of Review’s decision upon initial inquiry. Furthermore, the Town 13contends that due to the allegation of fraud, the question is whether the decision of the Board of Review is an absolute nullity which can be rectified at any time.
The trial court rendered written reasons for ruling, observing that the petition was not timely filed under La.R.S. 23:1349. However, the trial court dismissed the exception asserting untimeliness, due to the allegation of fraudulent conduct. The trial court remanded the matter to the Board of Review for consideration of the allegations of fraud. It also referred the exceptions of vagueness or ambiguity to the Board for consideration.[2]
Ms. Hunt appeals, assigning the following as error:
1. The trial court erred in dismissing the Peremptory Exception of defendant Connie Hunt.
2. The trial court erred in failing to dismiss the petition of plaintiff on the grounds that plaintiffs Petition for Review was not filed timely.
3. The trial court erred in denying the Dilatory Exception of Vagueness or Ambiguity of defendant Connie Hunt.
*1164 |44. The trial court erred in ordering this matter remanded to the Board of Review pursuant to the provisions of LSA-R.S. 49:959.
5. The trial court erred in applying the provisions of the Louisiana Administrative Procedure Act, LSA-R.S. 49:959 to this case.
Discussion

Timeliness

Ms. Hunt first questions the dismissal of the exception she filed asserting that the petition filed in the district court was untimely. She contends that the delay periods associated with judicial review of a decision of the Board of Review are per-emptive rather than prescriptive. She asserts that, due to the absolute nature of a peremptive period, the trial court was without jurisdiction to order a remand for consideration of the fraud allegations. We agree.
La.R.S. 23:1634 provides for judicial review of a board of review determination as follows:
A. Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court, within sixty days of service of process, a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. If the administrator fails to file the record with the court within the time provided herein, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant.
|SB. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record. Such proceedings shall be heard in a summary manner and shall be given preference and priority over all other civil cases except cases arising under the workers’ compensation law of this state. An appeal may be taken from the decision of the district court to the circuit court of appeal in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil *1165 cases. It shall not be necessary as a condition precedent to judicial review of any decision of the board of review to enter exceptions to the rulings of the board of review, and no bond shall be required as a condition of initiating a proceeding for a judicial review, or entering an appeal from the decision of the court upon such review. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.
Examination of La.R.S. 23:1630, referenced in La.R.S. 23:1634(A), reveals the fifteen-day delay period now at issue. The statute provides, in part:
§ 1630. Review of decision by board of review; notice of board’s decision
A. The board of review may on its own motion, within fifteen days after the date of notification or of mailing of a decision of an appeal referee, initiate a review of such decision. The board of review may otherwise allow an appeal from such decision to be filed, within fifteen days after the date of notification or of mailing of a decision of an appeal referee, by any party entitled to notice of such decision, if such appeal is either mailed, as evidenced by the postmarked date, or is delivered by any such party. An appeal filed by any such party shall be alloived as of right if such decision was not unanimous, or if the determination was not affirmed by the appeal referee. Upon review on its own motion or upon appeal, the board of review may, on the basis of the evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct be taken, affirm, modify, or reverse the findings and conclusions of the appeal referee. The board of [ ¿review may remove to itself or transfer to another appeal referee the proceedings on any claims pending before or an appeal referee. Any proceedings so removed to the board of review prior to the completion of a fair hearing shall be heard by the board of review in accordance with the requirements of this Chapter with respect to proceedings before an appeal referee.
B. The board of review shall make a determination and notify all parties of its decision, including its findings and conclusions in support thereof, within sixty days from the date an appeal is received or initiated by the board. Should the board of review, within sixty days from the date an appeal is received or initiated, direct that additional evidence be taken, the board of review shall make a determination and notify all parties of its decision, including its findings and conclusions in support thereof, within sixty days from the date it receives the additional evidence. Such decision shall be final unless, ivithin fifteen days after the mailing of notice thereof to the party’s last known address, or, in the absence of such mailing, within fifteen days after the delivery of such notice, a proceeding for judicial review is initiated pursuant to R.S. 23:163b. Upon denial by the board of review of an application for appeal from the decision of an appeal referee, the decision of the appeal referee shall be deemed to be a decision of the board of review within the meaning of this Section for purposes of judicial review and shall be subject to judicial review within the time and in the manner provided for with respect to decision of the board of review, except that the time for initiating such review shall run from the date of notice of the order of the board of review denying the application for appeal.
(Emphasis added.)
La.Civ.Code art. 3458 indicates that “[pjeremption is a period of time fixed by *1166 law for the existence of a right.” Further, “[u]nless timely exercised, the right is extinguished upon the expiration of the per-emptive period.” Id. Peremption may be pleaded or supplied by the court’s own motion. La.Civ.Code art. 3460.
The courts of this state have recognized the fifteen-day period provided by La.R.S. 23:1630 as a peremptive period. Hughes v. Louisiana Power & Light, Co., 98-1007 (La.App. 5 Cir. 3/10/99); 735 So.2d 44; Wallace v. State Dept. of Labor, 95-414 (La.App. 5 Cir. 11/15/95); 665 So.2d 474; Bullock v. Administrator, Dept. of Employment Sec., 628 So.2d 190 (La.App. 2 Cir.1993); Martin v. State Office of Employment Sec., 554 So.2d 85 (La.App. 3 Cir.1989), writ denied, 556 So.2d 43 (La.1990); Jones v. Blache, 480 So.2d 894 (La.App. 2 Cir.1985). The expiration of the period “destroys the claim so completely that any right of action ceases to exist and is lost.” Bullock, 628 So.2d at 191.
The above cases focus on the fifteen-day period of La.R.S. 23:1630(A), the delay for a review by the Board of Review. The instant matter involves the fifteen-day period of La.R.S. 23:1630(B), that related to judicial review of the decision of the Board of Review. However, we find no differentiation between the two periods. Furthermore, the Town’s contention that it was misinformed of the Board of Review’s decision which it argues prevents the running of the fifteen-day period is an allegation of contra non valentem. This doctrine is inapplicable to a peremptive period. See Hughes, 98-1007; 735 So.2d 44.
Due to the expiration of the fifteen-day period prior to the Town’s filing of the petition with the district court, the action was untimely. As stated above, the expiration of the period extinguished the claim in full. The Town contends that because it has alleged fraud in the obtaining of the underlying decision, the matter should be considered a nullity. We disagree that this coupling of concepts permitted the trial court to consider whether the matter should be remanded to the Board of Review for consideration of the Town’s claims. Rather, after the peremptive period was found to have expired, the trial court’s consideration of the matter should have necessarily ceased. While we do not consider whether the Town may have a separate cause of action related to its general allegation of fraud, any such allegation is inappropriate on this petition. The bare allegation of fraud sounds in an assertion of contra non valentem. Accordingly, we conclude that the trial court erred in failing | sto grant the exception as it related to untimeliness and in remanding the exceptions of vagueness and ambiguity to the Board of Review. Due to our finding that the peremptory exception of untimeliness disposed of the matter, we do not consider the remainder of Ms. Hunt’s assignments.
DECREE
For the foregoing reasons, the decision of the trial court dismissing the peremptory exception of untimeliness and remanding this matter to the Board of Review is reversed. The exception is maintained and the petition dismissed. All costs of this proceeding are assigned to the Town of New Llano in the amount of $777.24.
REVERSED; PEREMPTORY EXCEPTION MAINTAINED AND RENDERED.

. Article 856 provides:
In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.

. The trial court’s reasons for ruling provide, in part:
It is apparent that the petition for review was not timely filed. Were this simply a request for review of the Board’s decision under R.S. 23:1629 et seq. this would resolve this matter.
However, in its petition, the Town has alleged that the claimant, Connie Hunt, obtained benefits through "fraudulent conduct, deceit, misrepresentations, and ill practices.” In R.S. 23:1634(B) the statute provides the findings of the Board are conclusive, "in the absence of fraud.” That establishes an exception to the weight to be given the Board's decision.
Furthermore, R.S. 49:959, commonly referred to as the Administrative Procedures Act, provides in Subsection B that an agency, at any time, may rehear, reopen or reconsider a matter on the ground of fraud practiced by the prevailing party.
Since the Town has alleged that the claimant, Connie Hunt, has obtained benefits in a fraudulent manner, R.S. 49:959 appears to allow the agency, and, specifically the Board, to reconsider at any time its decision if fraud is committed.
The court hereby orders that this matter be remanded to the Board of Review for further proceedings to consider the allegations of fraud raised by the Town of New Llano consistent with the provision of R.S. 49:959 and other statutory provisions.
Since the court is ordering a remand, the other exception of vagueness will be referred to the Board for further consideration and action.